IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HENDERSON,

    Petitioner,                    No. 10-cv-2787 JAM KJN P

   vs.

McDONALD, Warden,                AMENDED ORDER and

    Respondents.             FINDINGS & RECOMMENDATIONS[1]

---

       Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a motion for appointment of counsel.

       Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

       Petitioner also moves for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). While 18 U.S.C. § 3006A authorizes the appointment of counsel at any

---

[1] The Order and Findings & Recommendations filed October 28, 2010 (Dkt. No. 7), is vacated.

1

stage of a habeas proceeding "if the interests of justice so require," Rule 8(c), Fed. R. Governing § 2254 Cases, the court finds that the interests of justice would not be served by the appointment of counsel at the present time.

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed on July 13, 2004, and was denied on the merits on May 31, 2007. See Docket in Henderson v. Knowles, 2:04-cv-01341GEB CMK P. On September 29, 2008, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

Petitioner filed the instant petition on October 14, 2010, which appears both to directly challenge his conviction and to seek a Certificate of Appealability. (Dkt. No. 1.) (Petitioner has also subsequently filed a separate motion for certificate of appealability. (Dkt. No. 12.)) The instant petition follows the United States Supreme Court's October 4, 2010 denial of petitioner's petition for a writ of certiorari. (Dkt. No. 1, at p. 45.) Previously, on June 24, 2009, the Sacramento County Superior Court denied petitioner's "third" petition for a writ of habeas corpus, finding that it was "successive and untimely." (Id. at 35-37.) Thereafter, on June 30, 2009, the Third District California Court of Appeal denied petitioner's application for a writ of habeas corpus, and, on March 24, 2010, the California Supreme Court denied petitioner's application for a writ habeas corpus. (Id. at 39, 43.)

Before petitioner can proceed with the instant application he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Additionally, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not issue on this matter. See 28 U.S.C. § 2253(c)(2) (certificate of appealability should issue "only if the applicant has made a

substantial showing of the denial of a constitutional right"); Fed. R. App. P. 22(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is granted; and

2. Petitioner's motion for appointment of counsel (Dkt. No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice; and

2. Petitioner's motion for a certificate of appealability (Dkt. No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hend2787.succ.amf&r.