Jeffrey Shawn Henderson
P.O. Box 3030
High Desert State Prison
Susanville, California 96127
# K-47521

**FILED**

MAR 3 0 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Pro se

"Motion For Writ Of Error Coram Nobis"

| Jeffrey Shawn Henderson | Case No.: 2:10-cv-02787 JAM KJN |
| Petitioner. | |
| | |
| mike McDonal. Warden | |
| Respondents | |

Petitioner. has now filed a motion for writ of error __Coram Nobis__. With
an application for leave to file second or successive petition in the Ninth
Circuit Court of Appeals. Petitioner would ask the court to refer to the
that has been forwarded to this court by the magistrate Judge in this matter
The following case law is relevant to petitioners contentions. __Coram Nobis__.

__United States v. morgan__, 346 U.S. 502, 512, 74 S.ct. 247, 253, 98 L.Ed. 2d 248 (1954.
The united states supreme court has held that the writ of error __Coram Nobis__
as available to correct errors "of the most fundamental character." (Quoting U.S.
__mayer__, 235 U.S. 55, 69, 35 S.ct. 16, 19-20, 59 L.Ed. 129 (1912.) __morgan__. held the
District court has power under the __All-writs Act__. 28 U.S.C § 1651 (A). to issue a
writ of error. __Coram Nobis__. to vacate a conviction on the grounds that the
defendant has been deprived of counsel without his knowing waiver of his
constitutional right to counsel. Although this writ is an "extraordinary remedy

"AVAILABLE ] ONLY UNDER CIRCUMSTANCES COMPELLING SUCH ACTION TO ACHIEVE JUSTICE."
346 U.S. AT 511.

U.S. V. GOLDEN, 854 F.2d 31 (3rd Cir. 1988) GOLDEN COMPLAINED THAT EVEN THROUGH
his CONVICTION WAS AFFIRMED, THAT his COUNSEL WAS INEFFECTIVE WHERE HE FAILED TO
FILE A REQUESTED TIMELY Rule 35 MOTION TO REDUCE SENTENCE AND THAT his COUNSEL
ABANDONMENT DEPRIVED him of SIGNIFICANT SUBSTANTIVE RIGHT TO have THE SENTENCING
JUDGE EXERCISE THE DISCRETION, WHICH Rule 35 CONFERS, TO REDUCE his SENTENCE. THE
GOVERNMENT, IN DEFENSE OF THE DISTRICT COURTS RULING, CHARACTERIZED GOLDEN'S MOTION
AS ONE PURSUANT TO 28 U.S.C § 2255 (1982). THAT SECTION, ACCORDING TO THE GOVERNMENT,
AFFORDS RELIEF ONLY FROM THE UNDERLYING JUDGMENT OF SENTENCE. THE THIRD CIRCUIT IN
GOLDEN FOUND "WHILE THE GOVERNMENT MAY BE RIGHT ABOUT THE KINDS OF RELIEF AVAILABLE
UNDER SECTION 2255, SEE. U.S. V. HILL, 826 F.2d 507 (7TH CIR. 1987) IT FAILS TO TAKE
INTO ACCOUNT RELIEF WHICH MAY BE AVAILABLE UNDER THE ALL WRITS ACT. 28 U.S.C § 1651
(1982). IT IS SETTLED THAT BY VIRTUE OF ALL WRITS ACT THE WRIT OF Coram Nobis IS
AVAILABLE WITH RESPECT TO JUDGMENTS ON CRIMINAL MATTERS IN THE FEDERAL COURTS.
e.g., U.S. 346 U.S. 502, 74 S.CT. 247, 98 L.Ed. 248 (1954); UNITED STATES EX. REL
BOGISH V. TESS. 211 F.2d. 69 (3rd Cir. 1954); CASIAS V. UNITED STATES, 421. F.2d
1233 (10TH CIR. (1970).

## Post Verdict Ineffectiveness.

U.S. V. DROBNY, 955 F.2d 990, 996 (5TH CIR. 1992) THE FIFTH CIRCUIT NOTED THAT THE
STANDARD FOR CORAM NOBIS RELIEF WAS MORE "DEMANDING" THAN THE CAUSE AND
PREJUDICE STANDARD FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C § 2255.
U.S. V. WALGREEN, 885 F.2d 1417 (9TH CIR. 1989). THE NINTH CIRCUIT SET FORTH THE
STANDARDS FOR CORAM NOBIS RELIEF IF THE PETITIONER CAN DEMONSTRATE: "(1) A MORE
USUAL REMEDY IS NOT AVAILABLE; (2) VALID REASONS EXISTS FOR NOT ATTACKING THE
EARLIER; (3) ADVERSE CONSEQUENCES EXIST FROM CONVICTION SUFFICIENT TO SATISFY
THE CASE OR CONTROVERSY REQUIREMENT OF ARTICLE III: AND (4) THE ERROR IS OF THE
MOST FUNDAMENTAL CHARACTER."" Id. AT 1420.

2.

U.S. V. Castro, 26 F.3d 557 (5th Cir. 1994). Defendant was entitled to *coram nobis relief* based on ineffective assistance of counsel where counsel failed to advise him of availability of judicial recommendation against deportation.

U.S. V. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) Cert. Denied, 491 U.S. 906, 109 S.CT 8190, 105 L.Ed.2d 699 (1989) Writ of Error Coram Nobis Properly Granted where Defendants where convicted of conduct that was not criminal.

U.S. V. Dawes, 895 F.2d. 1581 (10th cir. (1990) The Tenth circuit held that despite The fact that defendants were currently in custody that they were entitled To reversal under motion for writ of error *coram nobis.*

235. 3B Procedure concerning writ of *coram nobis,* in considerations of the rulings pronounced on *Garcia v superior court* (1997) 14 C 4th 953, 59 C.R.2d 858. Defendants in non-capital cases must use the writ of *coram nobis.* And The writ of habeas corpus To collaterally challenge the ineffective assistance of counsel concerning a prior conviction. *Coram nobis* does not lie to vacate judgment because of ineffective assistance of counsel, 228 Ca.3d, at 400 N 4 most *coram nobis* cases deal with improperly obtained guilty pleas see, F.G., People V. Esamébel (1975) 44 Ca.3d, 591, 118 C.R. 748; People V. Niedersperg (1975) 44 Ca.3d. 550, 118 CR. 755. A motion to vacate a judgment of conviction is treated as a proceeding for a writ of error coram nobis whether or not it is called by that name. People V. Mason (1958) 163 Ca.2d. 630, 329 P.2d. 669. (irregular unlawful sentencing People V. Buttram (2003) 30 Cal. 4th 773 [134 Cal. RPTR. 2d. 471] (sentencing Error: People V. Olea (1997) 59 Cal. App. 4th 1289 [69 Cal. RPTR.2d 712] also, in RE: Ward (1966) 64 Cal.2d 672. 675 [51 Cal. RPTR. 272] Holding.

With the Above cited case law, And petitioners contentions, in his original Habeas petition, Writ of certiorari (DKT. No. 1, ) petitioner prays that this Honorable court will grant the relief sought by this petitioner

APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE
PETITION UNDER 28 U.S.C § 2254. §§ 2244(b)(3), §§ 2253(c)(2).
MOTION WITH SUPPORTING ARGUMENT. CLAIMS AND UNITED
STATES, CALIFORNIA CONSTITUTIONAL RIGHTS VIOLATIONS.

NOW COMES, JEFFREY SHAWN HENDERSON, PETITIONER. IN THE ABOVE
AND TITLED. PETITIONER IS CHALLENGING THE BREACH OF PLEA AGREEMENT. THE PLEA
BARGAIN TERMS FOR A PRIOR CONVICTION WERE BREACHED, UNDER THE 5th AMENDMENT
SEC. I, AND THE 6th AMENDMENT, 8th AMENDMENT, 14th AMENDMENT, ARTICL I,
§ 10(I) OF THE U.S. CONST AND ARTICL I, § 9 OF THE CALIFORNIA. CONST.

THE PROSECUTION AND TRIAL COURT USED A (1985) PLEA BARGAIN CONVICTION IN
THE SENTENCING OF THIS CASE FOR A RECIDIVIST ENHANCEMENT UNDER A (1994) ENACTED
THREE STRIKE[S] LAW. THIS ENHANCEMENT TERM WAS NOT NEGOTIATED, SPECIFIED, OR
AGREED UPON AS ONE OF THE INCLUSIVE "SPECIFIC ELEMENTS" TO BE PERFORMED IN THE
NEAR FUTURE OF THE PRIOR CONVICTION'S PLEA NEGOTIATION AND AGREEMENT SECURING THE PLEA
AND CONVICTION (PLEASE SEE LIST OF EXHIBITS AND RECORD SUBMITTED TO THE DISTRICT COURT.)

UNDER § 2244(b)(2). A CLAIM RAISED FOR THE FIRST TIME IN A SECOND OR SUCCESSIVE HABEAS
PETITION MAY BE CONSIDERED, BUT ONLY IF CERTAIN STANDARDS ARE SATISFIED: (A) THE "APPLICANT
SHOWS" THAT THE CLAIM RESTS ON A "NEW RULE" OF "CONSTITUTIONAL" LAW, "MADE RETROACTIVE
TO CASES ON COLLATERAL REVIEW BY THE SUPREME COURT. THAT WAS PREVIOUSLY UNAVAILABLE",
OR" (B)(i) THE "FACTUAL PREDICATE" FOR THE CLAIM COULD NOT HAVE BEEN DISCOVERED EARLIER
BY THE EXERCISE OF DUE DILIGENCE "AND" (ii) THE FACTS UNDERLYING THE CLAIM. THE COURTS
IN THIS CASE, PETITIONER. THROUGH AN ONGOING INVESTIGATION. BY ESTABLISHING A RIGHT OF
ACCESS TO LAW MATERIALS. (SENTENCING TRANSCRIPTS) HOWEVER, REQUIRES AN INDIVIDUALIZED
DEMONSTRATION OF AN INMATE HAVING BEEN HINDERED IN EFFORTS TO PURSUE A LEGAL CLAIM.
WHICH THIS PETITIONER CAN PROVE, WITH THE LETTER SENT TO THE SACRAMENTO SUPERIOR COURT JUDGE
THAT WAS CONSTRUED INTO A WRIT. BY THE MAGISTRATE JUDGE, WITHIN THE CONTENTS PETITIONER MADE
ANOTHER ATTEMPT AT SECURING THE ILLUSIVE (SENTENCING TRANSCRIPT) IT WAS NOT RELEASED

until the sentencing Judge knew that my time had lapsed. The Judge signed off on releasing the transcripts on (6-23-2010) see under the 5th amend. "Punishment for Crimes" Lewis v. Casex, 518 U.S. 343 (1996). Under the 14th amend. the court has held, however, that for purposes of a recididivism-based sentence enhancement where a prosecutor carries the burden of establishing a prior conviction, a defendant can be required to bear the burden of production in challenging the validity of such conviction see Parke v. Raley, 506 U.S. 20 (1992)(a sentencing court considering a guilty plea in prior case may rely upon a presumption of regularity during that proceeding). Thus, petitioner, feels that the argument is [s]quare with the U.S. Const. guarantees ineffective assistance of appellate counsel's failure to raise the "sufficiency of the evidence." under the 6th amendment of the U.S. Const. Appellate counsel did raise and argue the "sufficiency of the evidence" to prove prior felony conviction entered as "serious" and a "strike" under the three strike[s] law on direct appeal. counsel did not raise any issue challenging the trial courts conviction/sentencing on direct review. Contrary to the petitioner's adamant request (Please letter from appellate counsel in exhib) nor did counsel "argue" the appeal record with the absent evidence (transcript from 1985 in support (prior allegation). 5th amendment "Rights of Persons" the court is also quite deferential to legislative classification of recidivism sentencing enhancement factors as relating only to sentencing and as not constituting elements of an "offense" that that must be proved beyond a reasonable doubt. In Monge v. California, 118. s.ct 246 (1998)(retrial is permissible following appellate holding of a failure of proof relating to sentencing enhancement). Petitioner is seeking relief of this issue as a individual constitutional claim. see Gonzales v. Crosby (2005) 545 U.S. 524, 162). also ineffective assistance of counsel by depriving petitioner the "Equal protection clause" right to have a copy of his (1985) transcript under the 14th amendment of the U.S. Const. The plea agreement (contract) that was used for a recidivist enhancement under a (1994) enacted three strike[s] law. This enhancement under the terms in the sentencing transcripts was not negotiated, specified, or upon as one of inclusive

2.

specific Elements of the Prior Convictions Plea Negotiation and agreement securing the Plea and Conviction was in the Pre Plea report under penal Code § 1203.7 (A). When a guilty Plea rests in any significant degree on a Promise or agreement of the Prosecutor, so that it Can be said to be part of inducement or Consideration, such Promise must be fulfilled. Ed. Rules Crim. Proc. Rule 11, 18 U.S.C. A. However, all of these Considerations presuppose fairness in securing agreement between an accused and a Prosecutor. It is now Clear, for example, that the accused Pleading guilty must be Counseled, Absent a waiver. moore v. michigan, 355 U.S. 155, 78 S.CT. 191, 2 L.Ed.2d 167 (1957). fed. Rule Crim. Proc. 11. governing Pleas in federal courts, now makes Clear that the sentencing Judge must develop. in the record, the factual basis for the Plea. as, for example, by having the accuse describe the conduct that gave rise to the Charge. This phase of the Process of Criminal Justice, and the adjudicative element inherent in accepting a Plea of guilty must be attended by safeguards to insure the defendant what is reasonably due in the Circumstances. These Circumstances will vary, but a Constant factor is that when the Plea rests in any significant degree on a Promise or agreement of the Prosecutor, so that it Can be said to be part of the inducement or Consideration, such Promise must be fulfilled. Article I, § 9. of the California Const. is not fulfilled when a Contract is Breached. in (1985) Petitioner Bargain and Negotiated for a Promise (Plea) in order to secure Probation. due too Petitioner's youth and inexperience with the law and its Consequence of ineffectiveness in Counsel. He was duped into taking the illAdvised assistance, and believed that youth athority was of the same Consequence as Probation. Think that the sentence would be suspended. and the greater "Evil" of Prison would be avoided. Petitioner had no idea this would be the Thread that would unravil the Corrective Path he would have walked. instead he was directed into a system with far reaching and future dire Consequence's. it is also Clear that a Prosecutor's Promise may deprive a guilty Plea of the Character of a voluntary act. machibroda v. United States. supra. 368 U.S. at 493, 82 S.CT., 513. cf. Bram v. United States, 168 U.S. 532, 542-543, 18. S.CT. 183, 186--187, 42 L. Ed. 568. The decisions of this Court have not spelled out what sort of Promises by Prosecutors tend to be Coercive. but in order to assist Appellate review in weighing Promises in light of

3.

All the circumstances. All trial courts are now "required" to interrogate the defendants who enter guilty pleas so that the waiver of these fundamental rights will affirmatively appear in the record. McCarthy v. United States, 394 U.S. 459, 89 S.CT. 1166, 22 L.Ed. 2d 418; Boykin V. Alabama, 395 U.S. 238, 89 S.CT 1709, 23 L.Ed. 2d 274. The lower court, however, have uniformly held that a prisoner is entitled to some form of relief when he shows that the prosecutor reneged on his sentencing agreement made in connection with a plea bargain, most jurisdictions preferring vacation of the plea on the ground of 'involuntariness: while a few permit only specific enforcement. The basis for outright vacation is on outraged sense of fairness when a prosecutor breaches his promise in connection with sentencing. There is no need to belabor the fact that the constitution guarantees to all criminal defendants the right to a trial by judge or jury, or, put another way. The right not to plead guilty.' United States v. Jackson, 390 U.S. 570, 581, 88 S.CT. 1209, 216, 20 L.Ed. 2d 138 (1968). This and other federal rights may be waived through a guilty plea but such waivers are not lightly presumed and in fact, are waived with the 'utmost solicitude Boykin v. Alabama, 395 U.S. 238, 243, 89 S.CT 1709, 1712, 23 L.Ed. 2d 274 (1969). Certain functions of the jury, are likely to remain consistent between the federal and state court system. For instance, the requirement that a jury find a defendant guilty beyond a reasonably doubt, which had already been established under the due process clause, see In re Winship, 397 U.S. 358, 364 (1970), has been held to be a standard mandated by the sixth amendment. Sullivan v. Louisiana, 508 U.S. 275 (1993) The court has further held that the 5th amendment due process clause and the sixth amendment require that a jury find a defendant guilty of every element of the crime with which he is charged, including questions of mixed law and fact. Gaudin, 515 U.S. at 523. In Hill v. Lockhart, 474 U.S. 52 (1985). The court applied the Strickland test to attorney decisions in plea bargaining, holding that a defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [ petitioner has provided his (1985) sentencing transcript demonstrating that had it not been for the ineffective assistance he would not have plead guilty to the (1985) charge of penal

4.

Code section 459]. In Lockhart v. Fretwell, 506 U.S. 364 (1993) the Court refined the Strickland test to require that not only would a different trial result be probable because of attorney performance, but that the trial result which did occur, was fundamentally unfair or unreliable. 506 U.S. at 368-70 (1993) (failure of counsel to raise a constitutional claim that was valid at time of trial did not constitute "Prejudice" because basis of claim had since been overruled). The right to effective assistance of trial counsel is guaranteed by the United States Constitution and by corresponding articles of the California Constitution. United States Const. Amend. 6th and 14; People v. Ledevin (1987) 43 Cal. 3d 171; Powell v. Alabama (1932) U.S. 45, 68.

Effective assistance is that which means and objective standard of reasonableness under prevailing professional norms. Strickland v. Washington (1984) 466 U.S. 668, 688. A criminal defendant has a right to not only counsel on appeal but to competent counsel on appeal. The supreme court has set forth some specific duties which counsel must fulfill to meet his or her obligations as a competent advocate. Those include the duty to prepare a legal brief containing citations to the appellate record and appropriate authority, and setting forth all arguable issues. People v. Harris. (1993) 19 Cal. App. 4th 709. It's appropriate to raise an issue of ineffective assistance. In re Smith (1970) 3 Cal. 3d 192, 02, 203. The defendant need not show he was entitled to a reversal, but only that inexcusable failure of counsel to raise a crucial assignment of error occurred, which arguably might have resulted in a reversal 5 Witkin and Epstein Cal. Criminal Law [2nd ed. 1989]. Trial counsel's first duty is to thoroughly research and raise all arguable issues People v. Harris (1993) 19 Cal. App. 4th 709; Mason v. Hanks 97 F.3d 887, 894 (7th Cir. 1996). Ineffective assistance of counsel when counsel failed to raise obvious issues without legitimate strategic purpose. Thus, the claims should not be deemed waved by failure of petitioner to raise them in prior appeal since the fault resulted from ignorance and inadvertence of trial counsel and not from a deliberate tactical decision. Where a constitutional claim is so novel that it's legal basis is not reasonably available to

Counsel A defendant has Cause for his failure to raise the claim in accordance with state procedures Estelle v. Smith 451 U.S. 454; 101 S.CT. 1866. In appropriate cases the principles stated in the above and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration Murray v. Carrier 106 S.CT. 2639; Engle v. Issac 456 U.S. at 136.

Trial counsel reasons for not raising issues was not a deliberate decision inasmuch as it failed to meet an objective standard of reasonableness under prevailing professional norms. This matter is appropriate for review at this as embodied in the final decision/Judgment before us. People v. White 196 Cal. App. 3d 967.

The United States supreme court stated in a recent decision, Paul ToLover v. U.S., on cert. to the USSC, decided 1/9/2001, that the inmate need not show that the harm did to him was "significant" in nature to cause the error of the trial counsel to come under sixth amendment. Petitioner Asserts that the error of his counsel resulted in his enhanced sentence and did him significant harm and he begs for reversal or remand. where issues of competence arise, which cannot be resolved adequately on an appellate records, the issue may be raised by way of habeas corpus. People v. Bean (1988) 46 Cal. 3d 919, 944; People v. Pope (1979) 23 Cal. 3d 412, 426. Standard of determining incompetence of counsel: To establish ineffective assistance of counsel sufficient to justify issuance of a writ of habeas corpus, the court have held that it must be demonstrated that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms and that the counsel's deficient performance prejudice the defendant's case. A reasonable probability' is not showing that counsels conduct more likely than altered the outcome in the case, but, simply a probability sufficient enough to undermine confidence in the outcome. Strickland v. Washington, supra, 466 U.S. at pp. 693-694; In re Cordero (1988) 46 Cal. 3d 161, 180.

Wainwright v. Sikes (1977) 97 S.CT. 2497. The court of Appeals concluding that under Anders v. California (1967) 87 S.CT. 1396, which held that an appointed attorney must advocate his clients cause vigorously and may not withdraw from a nonfrivolous

Appeal, Appointed counsel must present on appeal all nonfrivolous arguments requested by his client. The Court of Appeals held that defendants counsel had not met this standard and that he failed to present certain nonfrivolous claims. At 2521, it states: I cannot accept a system that ascribes the absolute forfeiture of an individual's constitutional claim to situations where his lawyer manifestly exercises no professional judgment at all - where carelessness, mistakes, or ignorance is the explanation for a procedural default. (Ft. note 19. states: Counsel failure to evaluate properly, facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existance of a constitutional claim, might in particular fact situations meet this standard of proof [of incompetent counsel] Tollett v. Henderson, supra, 93 s.ct. 1608. Jones v. Barnes (1983) 103 s.ct. 3308.

There is authority for petitioner's petition for writ of habeas corpus, see Penal Code 1473: Penal Code 1473 (b)(1) and (d). Habeas corpus proceedings are available to test validity of deprivation of liberty.

The basic purpose of a writ of habeas corpus is to procure a discharge from custody alleged to be illegal, and allow a person unlawfully incarcernated, to obtain his freedom. Ex parte Peterson 14 cal. 2d 82, 92 (1939); Johnson v. Avery 393 u.s. 483 (1979).

In re Clark 5 cal. 4th 750, 780, 782. section 1484 of the California Penal Code provides that on such proceedings, the petitioner may allege any fact to show either that his imprisonment or detention, or in favor of the same and to dispose of such party as justice of the case may require. In re mcvickers (1946) 26 cal. 2d 264, 274. Here, petitioner has established a prima facie case for relief since he has stated the facts of his with particularity in this petition / application under § 2244 (b)(3), and § 2253 (c) (2). And accompanying memorandum points and authorities demonstrating that his imprisonment is unlawful; Therefore, This court must handle petitioner's application / petition in such a way as to assure that justice will be served, petitioner has made "An as-applied challenge". moreover, in habeas corpus proceeding. The reviewing court is not... necessarily confined under all circumstance to that which appears on the face of the

7.

Record. In re mcvickers, supra, at 274, insufficient support from the record is not basis in denial of the writ.

see People v. Archerd (1970) 3 Cal.3d 615, and forming an opinion before the entire case is presented in a court trial.

Colvin v. United States (1973) 479 F.2d 998. Federal Rules of evidence 803.8 and 803.8.b1. In People v. Crowson 33 Cal.3d 623, 633-634. The Court is established that res-judicata is a defense that can be used and that the least adludicated elements of the prior convict remains the same whether it is questioned in the trial court at the time of the determination became final. Neither the People nor the defendant can go behind those adludicated elements in an attempt to show that he committed a greater, lesser, or different offense. e.g., In re mcvickers 29 Cal.2d 264, 270-276. Id. at p. 634, in general, the doctrine of collateral estoppel regards as conclusively determined only those issues actual and necessarily litigated in the prior proceedings. Bleek v. state Board of optometry (1971) 18 Cal. App. 3d 415, 428-430. In People v. Walker 89 Cal. App. 4th 380, 381, although double Jeopardy principles do not bar retrial of prior conviction, there may be other statutory or case law principles which may prevent such retrial. The equitable principle of res-judicata and collateral estoppel are relevant to a determination of the prosecution rights to subject a defendant to repeated trial on alleged prior convictions. Retrial is barred where the prosecution had a full and fair opportunity to present its proof on the truth of a prior conviction.

People v. Jones 75 Cal. App. 4th 616, 632-634. The Court establish that conduct is an issue the prosecution has to prove. see People v. Houck (1998) 66 Cal. App. 4th 350, 356-357. People v. Rodriguez 17 Cal. 4th 253, 261. However, the People failed to do so. They offered only the abstract of Judgment [ as in this petitioner's case at bar, please see exhibits ] which prove nothing more then the least adludicated element of the charge offense. The evidence supporting this strike allegation was thus insufficient, and the finding therefore must be reversed.

People v. Eguarte 42 Cal. 3d 466, 467. Defendant could not waive his right to challenge the sufficiency of the evidence on which the allegation was found true until it was found true and, then, only by failing to file a timely notice of appeal. According to California law, a number of procedural safeguards surround the assessment of prior conviction allegations: defendant may invoke the right to jury trial... The prosecution must prove the allegation beyond a reasonable doubt; and the rules of evidence apply. The court thus itself warn against a contrary double jeopardy rule that could create a disincentives that would diminish these important procedural protection, 118 S. CT. 2246.

People v. Reed 13 Cal. 4th 217, The court ruled that preliminary hearing transcripts were inadmissible under former testimony exception to the hearsay rule to show circumstances of prior conviction. Conduct. The court asserts at page 222, after People v. Jackson 37 Cal. 3d 826, 837. Conduct is now the issue that has to be proven by the prosecution in order to prove a prior serious or violent felony conviction and it is no longer criminal offenses for a felony that comes into the statute of 1192. 7. C, 667. .1.

People v. Matthews 229 Cal. App. 3d 930, 933-941. California states: under Penal code 969 b, under former official records the prosecution can show that petitioner suffered the prior convictions in order to meet Penal code 667.a.1. and 1192.7.C, to enhance the defendant sentence under California rule of evidence 1271.

Teague v. Lane 109 S. CT. 1064, 1073. Given the broad scope of constitutional issues cognizable on habeas, (J. Harlan) argued that it is "sounder, in adjudicating habeas petitions, generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of habeas cases on the basis of intervening changes in constitutional interpretation. Id. at 689: 91 S. CT. at P. 1178, as he had explained in Desist, the threat of habeas serves as a necessary additional incentive for trial and appellate court throughout the land to conduct their proceedings in a manner consistent

with establish constitutional standards." That prevailed at the time the original proceeding took place." 394 U.S. at pp. 262-263; 89 S. Ct. 1041) see also Stimes 465 U.S at p. 653; 104 s. ct. at p. 1347. (Powell J.) Concurring in Judgment, review on habers to determine that the conviction rests upon correct application of the law in effect at the time of the conviction is all that is required to force trial and appeals courts ... to toe the constitutional mark. Id. p. 1074. We agree with Justice Harlan's description of the function of habeas corpus the court never has defined the scope of the writ simply by reference to a perceived need to assure that an individual accused of crime is afforded a trial free of constitutional issues error. Kuhlman v. Wilson 477 U.S. 436, 447; 106 S. Ct. 2616, 2623. Id. at p. 1074. Chicot County Drainage District v. Baxter State Bake 60 S. Ct. 317, 318-319. The past cannot always be erased by a new judicial declaration ... Questions of prior determination deemed to have finality and acted upon accordingly demand examination. See United States v. Olano. 113 S. Ct. 1770, 1777. Obviousness. Petitioner contends. This argument stems from paragraph 'I'. People v. Houck 66 Cal. App. 4th 350, The Court of Appeals reversed, The court determined if a prior conviction constitutes a qualifying strike. A trial court must look to the entire record of conviction but no further, only those document that shows conduct of which a defendant was convicted can be used.

In People v. Rodriguez, 17 Cal. 4th 253, 261, The California state supreme court made a finding that when the people presented the abstract of judgment, They failed to show sufficient evidence to support the strike allegation. In the instant case during Petitioner's trial the prosecution did the same as the prosecution did in <u>Rodriguez</u>, supra, Id. at p. 261. (See exhibits ) And People v. Jones 75 Cal. App. 4th 616, 633. In the Jones case the prosecution presented more from the prison pack. As in the instant case. A mug shot and abstract is not sufficient. However, even viewing the record in the light most favorable to the judgment. We do not find the proffered evidence to be substantive such that a reasonable trier of fact could have found that the prosecution

10.

has sustained its burden of proving the defendant guilty of a prior felony conviction beyond a reasonable doubt, People V. Tenner 6 Cal. 4th 566, 567. Petitioner also contends, First, The serious felony priors embodied inside the information was expressed to Petitioner that he violated Penal Code § 459. Burglary. However, There is no facts in the information that is expressing to Petitioner how the prosecution intended to Prove the Penal Code § 459. To allow Petitioner to defend against the serious felony, Burglary Alone is not a necessary element. This is a specific intent crime. These facts are not in the information to give Petitioner a fair notice. The prosecution never informed the petitioner that he was going to use the record of conviction to prove the conduct under the less-adjudicated element. People V. Jackson 37 Cal. 2d 835, fn. 12.

Petitioner contends, that, he has a right under the fifth Amendment of the united states constitution, under due process, and under the Fourteenth Amend. right under due process. To res-judicata.

Although double jeopardy principles did not bar retrial of prior convictions, There may be other statutory or case law principles which may prevent such retrial, People V. Mitchell 81 Cal. App. 4th 182. This court addressed the issue of whether other principals might prevent retrial of alleged prior convictions. In that case we held the equitable principals of res-judicata and collateral estoppel were relevant to a determination of the prosecution's rights to subject a defendant to repeated trials on alleged prior convictions. Petitioner contends, under 22 Cal. Jur. 3d (review) Part 1., Criminal Law 3381. Conviction of offense. For a defendant to have been convicted, for purpose of enhancement of his punishment by reason of a prior conviction, he must have been convicted in a judicial proceeding of a crime enumerated in the particular statute. All the essential facts of his guilt must be res-judicata. In applying an enhancement statute the court may take cognizance only of what have been lawfully adjudicated. In re Mcvickers 29 Cal. 2d 264, 276.

11.

The Les-adjudicated element of the prior conviction remains the same whether it is a question in the trial court at the time of the determination of habitual criminality or on habeas corpus. After such determination becomes final neither the people or the defendant can go behind those adjudicated elements in an attempt to show that he committed a greater or lesser or different offense. (Citations) (Italics added. 68 Cal. 2d at pp. 392-393. See In re Movierers 29 Cal. 2d 264, 276. In general, the doctrine of collateral estoppel regards as conclusively determined only those issues actual and necessarily litigated in the prior proceedings. Bleeck v. State Board of Optometry (1970) 18 Cal. App. 3d 415, 428-430.

Petitioner contends, that, in People v. Houak 66 Cal. App. 4th 350, 355, the California supreme court has recognized that documents in the record of conviction that fails to show facts of the offense is inadmissible to prove a serious felony prior where the defendant has taken a guilty plea, or has went to trial and been found guilty by a judge or jury. The preliminary transcripts is the only part of the record of conviction that gives mr Henderson protection under the confrontation clause, because at that hearing mr Henderson had a sixth Amendment right to cross examine his accuser. But mr Henderson states that res-judicata collateral estoppel bars the prosecution from the essential facts of his guilt, so what good would the preliminary hearing transcripts be to the prosecution. People v. Jackson 37 Cal. 3d 835, f.n. 12, says that petitioner did not express his admission to the prior [knowingly and intelligently](without and or through the ignorance, illadvised direction ineffectiveness of counsel.). The prior conviction only establishes the les-adjudicated elements of the offense and that the people may not go behind the conviction to attempt to demonstrate the presence of additional elements necessary to render the prior a serious felony under sec. 667.

Mr Henderson's issue here is that in his case the court felt just like the court of appeals in People v. Rodriguez 17 Cal. 4th 253, 261. Petitioner contends, that since the prior[s] is not true, because it has not been found to be true, then by failing to object at trial should not be a bases that makes this issue moot, see Id. at p. 261.

Petitioner also states that in People v. Jones 75 Cal. App. 4th 616, 632; People v. Myers (1993) 5 Cal. 4th 1193, 1200-1201, the supreme court explain that the trier of fact is allowed, in determining the truth of an allegation of a prior serious felony conviction under sec. 667 sub. A. 1, to go beyond the les-adjudicated elements of the offense and to consider, if not precluded by the rules of evidence or other statutory limitation. Evidence found within the entire record of foreign conviction Id. at p. 1201.

Petitioner contends, that, the Myers court must have had In re McVickers 29 Cal. 2d 264, 276, in mind when it stated the court can go behind the les-adjudicated elements to consider the offense, if not bared by the rules of evidence.

United States V. Merlos 8 F.3d 48, 51, stating: that obviousness is assessed under the current law at the time of trial. Mr Henderson contends; all of the law that is sited on this issue was current at the time of trial. So, prejudice should be inherent. The law sometimes sleeps, but never dies. The prior conviction that was unconstitutional to petitioner based on the abstract of judgment and mug shot was the only document[s] presented to establish that Petitioner had suffered serious felony prior conviction. This evidence was insufficient to support a finding that the judge had substantial evidence to rely on that petitioner suffered the previous felony conviction. (Judge should have recused himself. The plea took place inside his court rm. in (1985).

The California State Supreme court ruled that People v. Jackson 37 Cal. 3d 826, 835 fn. 12, that if petitioner has not expressed his admission to the prior conviction, and only the les-adjudicated element of the offense has been found when an abstract

13.

Of Judgment has been used to support that the defendant has suffered the serious felony conviction under sec. 667.a.1.) it is ineffective assistance in counsel. To have this Petitioner to conceed this right without the legal argument that would guarantee this Petitioner's constitutional and legal standing that the court failed to show sufficient evidence to support the strike allegation. with that, if the prosecution has not meet its burden yet, it must produce the document that shows the facts of the case, conduct. see People v. Houck 66 Cal. App. 4th 350, 355, asserting to People v. Reed 13 Cal. 4th 217, 223, when it's a guilty plea the Preliminary hearing transcripts is the only document that shows the relevant facts of the case that establishes the conduct for a serious felony. The prosecution prison pack did not show conduct, as the JACKSON court ruled on.

Petitioner states: that res-Judicata would have barred the prosecution from establishing conduct at the trial, based on 22 Cal. Jur. 3d (review) part 1, Criminal Law 3381. Petitioner pervious conviction are numerated in Penal code 1192.7.c, which 667.a.1 gives you the enhance sentence once your conduct falls up under Penal code 1192.7.c. Res-Judicata bars the essential facts of your guilt, so, that means the Prosecution is left without ever establishing conduct.

The essential facts of your guilt is the relevant facts that shows conduct. After People v. Jackson 37 Cal. 3d 826, 835. Conduct is the element that must be proved beyond a reasonable doubt by the Prosecution, see People v. Tenner 6 Cal. 4th 559, 566. Mr Henderson states: that People v. Houck 66 Cal. app. 4th 350, 355, is good law because Houck stands on at P. 355, that the Court looked beyond the record of his conviction in considering a document that was insufficient to support that the Prosecution proved beyond a reasonable doubt the serious felony conviction. The document must be sufficient to prove the serious felony conviction. Prejudice is assumed when the court has taken insufficient evidence an has made a ruling that the people has met their burden. The Court nor the Prosecution or Trial Counsel protected

14.

mr Henderson's rights at the Trial. The evidence was presented, and this evidence was insufficient to prove the strike allegation. In People v. Castellanos (1990) 219 Cal. App.3d 1163, 1170-1172, the court stated preliminary hearing Transcripts can be used as to the record of conviction reliably reflecting the facts of the offense for which the defendant was convicted. Id. at P. 355.

mr Henderson states that even if this is the law of today, why the Prosecution the Trial Court and mr Henderson's Attorney allowed to violate my Rights without any rebuke. Their where never any Transcripts presented, Petitioner has now presented his sentencing Transcripts. (see exhibits). Although an abstract may be legally sufficient to prove a prior conviction by itself, use of an abstract and nothing more has been criticized. (cf. People v. Tenner (1993) 6 Cal. 4th 559, 567 "abstract and prison commitment without prison records to show Prior Prison Term under section 667.5 subd. (b), conduct, specific element.

under California Constitution Article I, sec. 11, Habeas Corpus may not be suspended unless required by public safety in cases of rebellion or invasion.

Petitioner Furthermore asserts, According to Barron's Law Dictionary under miscarriage of Justice: damage to the rights of one party to an action that result from errors made by the Court during Trial and that is sufficiently substantial to require reversal.

In some ways, the standards in § 2244 (b)(2) are more demanding then the standards in § 2254 (e)(2) For example, subparagraph (B)(ii) of § 2244 (b)(2) instructs Federal habeas courts to view new factual allegations "in light of the evidence at Trial. Nothing in § 2254 (e)(2) directs courts to consider the evidence at Trial when they are attempting to decide whether to hold a Federal evidentiary hearing. A more vigorous test for second or successive Petitions may be defensible inasmuch as the prisoners concerned have had one opportunity to be in Federal court. In Hill v. United States, 368 U.S. 424 (1962) (involving an alleged violation of Fed. R. Crim. P. 32). There is no self-evident reason for making a filing period turn on whether Prisoner's

Press one kind of claim rather than the other. The same interpretive problem is reproduced with respect to numerous other A.E.D.P.A. provisions, some of which use the "constitutional" modifier and some of which do not — without apparent explanation for the inconsistency. See § 2249 (b) (2) (A) (referring to a "new rule of constitutional law"); § 2253 (c) (2) (referring to a substantial showing of the denial of a constitutional right "); § 2254 (e) (2) (A) (i) (also referring to a "new rule of constitutional law"); § 2255 (using the same phrase); but see § 2262 (b) (3) (referring to "a substantial showing of the denial of a federal right"); § 2264 (a) (2) (referring to assertions of a "new federal right"). The best resolution of the problem here and elsewhere, is to put it down to poor draftsmanship. Paragraph (c) and other provision ... use the label "constitutional" claims, but simply (and loosely) to identify cognizable claims, which typically are constitutional, but need not be. Paragraph (c) of § 2244 (d) (1) and paragraph (3) of § 2255 start the filing period from the date on which the "right" the prisoner asserts is "initially recognized by the supreme court" — if that right is both "newly recognized by the supreme court" and "made retroactively applicable to cases on collateral review." (This language appears redundant inasmuch as it refers to a right in question must be "newly" recognized is to clarify that paragraph (c) and (3) extend the time that prisoners would otherwise have to act under the general filing periods prescribed in paragraphs (A) and (1). The idea is not to start the filing period on the date of some familiar supreme court decision that "initially recognized" a right at the time (e.g., Gideon v. Wainwright in 1963), it is to give prisoner extra time if the court "newly" recognizes a right after the usual starting date for the one-year filing period. The procedure that § 2244 (b) prescribes for multiple § 2254 petitions is itself complicated pursuant to paragraphs (A) and (B) of § 2244 (b)(3). The petitioner now understands he must move the circuit court for an order permitting a district court to entertain another petition. Under paragraph (c), the circuit can authorize a prisoner to proceed in the district court only if it determines that the petition makes a "prima facie showing" that it meets the standards established by § 2244 (b)(2).

16.

in the A.E.D.P.A  P.L. 104-132, Title I, 110 stat. 1217-21, amending 28 u.s.c. §§2244, 2253, 2254, and Rule 22 of the Federal Rule of appellate Procedure. For a narrowly decided case weakening somewhat the congressional provisions on "gate-keeping" see Hohn v. united states, 118 s.ct. 1969 (1998). The gate-keeping mechanism established by §2244 (b)(3) is presumably meant to promote efficiency by screening unjustified petitions out of the district courts at the door. Yet it also generates a welter of procedural questions and problems. Prisoners typically have no lawyers to explain to them that they must go first to the circuit level before they can proceed at the district level. Accordingly, they may file second or successive petitions in the district court and suffer dismissal for want of permission from a circuit court pursuant to 28 u.s.c § 1631. A district court can transfer a premature petition to the circuit court. The circuit court, in turn, can notify the prisoner that circuit permission is necessary and fix a schedule. By the terms of §1631, The one-year statute of limitations established by § 2244 (d)(1) is met if the petition is timely when filed initially (in the district court. Petitioner's sentence he is currently serving was enhanced on the basis of an invalid prior conviction in state court. In general, when a state conviction ceases to be open to attack in its own right, it is regarded as "conclusively valid." if it is used later to enhance a different sentence imposed for another offense, the new sentence usually cannot be challenged in federal habeas corpus on the ground that it depends on an unlawful prior conviction. if the prior conviction was constitutionally flawed, it is hard to deny that the new sentence, too, is unlawful ceteris paribus to the extent it was influenced (in a non-harmless way) by the old conviction. In Johnson v. Mississippi, 486 u.s. 578 (1988). The court said that "allowing" a death sentence to stand "although [it was] based on a reversed [prior] conviction" violates the Eight Amendment. Id. at 585. In the typical case, the prisoner has served the sentence that was imposed for the previous conviction and is therefore no longer in the custody of that sentence. For that reason, a federal court has no jurisdiction to entertain a habeas corpus petition attacking the conviction on which that sentence was based. This is not to say, however, that a prisoner is not in custody under the sentence he is now serving,

He most certainly is. And A federal district court has Jurisdiction on that bases to entertain a claim that the current sentence was enhanced on the basis of an invalid previous conviction that itself is no longer subject to attack his previous conviction in a timely way. "As this petitioner reveals a unique constitutional defect" in state proceedings that "rises to the level of a Jurisdictional" flaw. Coss, 532 U.S. at 404. (Justice O'Connor) limited the general rule excluding enhancement claims to cases in which there is no longer any means by which a prisoner can challenge a prior conviction itself. There may be cases, however, in which some state avenue for litigation is still open, when that is true, the prisoner plainly must pursue that state court opportunity to attack the prior Judgment. if he is successful, he certainly will wish to claim that the new sentence must be adjusted accordingly. [The prisoner] Failed to pursue otherwise available remedies or because he failed to prove a constitutional violation." Daniels, 532 U.S. at 383 (emphasis added). Of course, if a prisoner does begin to attack a prior conviction until it has already been use to enhance a new sentence the filing deadline for a habeas challenge to the new sentence may arrive before the prisoner can obtain a decision invalidating the old conviction. Thus, the ineffective assistance of appellate counsel's failure to raise the "sufficiency of the evidence" under the Sixth Amendment of the U.S. Const. Appellate counsel did not raise and argue the "sufficiency-of-the-evidence" to prove prior felony conviction entered as "serious" and a "strike" under the three strike[s] law on direct appeal. Counsel did not raise any issue challenging the trial courts use of the (1985) plea bargain[/sentencing] conduct, nor specific elements on direct review, contrary to petitioner's adamant reque[st.]

"Please see exhibit concerning correspondence with appellate counsel's reply to request. subdivision (b) when promulgated. The rules contained a number of provisions, including those found in Rule 60 (b) describing the practise by a motion of obtain relief from Judgments, and these rules, coupled with the reservation in Rule 60 (b) of the right to entertain a new action to relieve a party from a Judgment, were generally supposed to cover the field. since the rules have been in force, decisions have been rendered that

15.

The use of bills of review, Coram nobis, or Audita Querela, to obtain relief from final judgments is still proper, and that various remedies of this kind still exist although they are not mentioned in the rules and practice is not prescribed in the rules, it is obvious that the rules should be complete in this respect and define the practice with respect to any existing right or remedies to obtain relief from final judgments. For extended discussion of the old common law, writ and equitable remedies, note. subdivison (a) the amendment incorporates the view expressed in Perlman v. 322 West Seventy-Second Street. Co, Inc, L.L.A. 2d, 1942 127 F.2d 716; 3 moo's federal practice, 1938, 3276, and further permits correction after docketing, with leave of the appellate court & some courts have thought that upon the taking of an appeal the district court lost its power to act. see Schram v. Safety Investment Co, E.D. Mich. 1942, 45 F. Supp. 636: Also Miller v. United States. L.L.A. 7th, 1940, 114 F.2d 267. The reconstruction of Rule 60(b) has for one of its purposes a clarification of this situation. Two types of procedure to obtain relief from judgments are specified in the rules as it is proposed to amend them. one procedure is by motion in the court and in the action in which the judgment was rendered. The other procedure is by a new or independent action to obtain relief from a judgment, which action may or may not be in the court which rendered the judgment. § 2244(b)(2)(B) builds on the "miscarriage of justice" and "actual innocence" standards of pre-AEDPA supreme court cases. see McCleskey v. Zant. 499 U.S. 467. 494-95 (1991) In McCleskey, the supreme held that generally an omission of a claim from an earlier petition may be excused only if the petitioner demonstrated objective cause for failing to raise the claim earlier and actual prejudice resulted from inability to raise claim. see. id. at 493. The ninth circuit has held that if a petitioner can make the required _Prima facie_ for at least one claim in a _second or successive_ petition. The court of appeals will certify the entire petition for consideration by the district court. see Cooper v. Woodford, 358 F.3d 1117, 1123 (9th cir. 2004).

See 28 U.S.C. § 2243 (Courts must decide State Prisoner's habeas petition "As Law and Justice require"); see. e.g., Ouimette v. moran. 942 F.2d 1, 13 (1st Cir. 1991) (Federal Court has broad discretion under § 2243; due process violation from prosecution's cover-up and censorship of star witness's criminal record warranted unconditional release of prisoner); Willette v. Fischer, 508 F.3d 117, 122-23 (2nd Cir. 2007) (district court has discretion under § 2243 to vacate 3 counts); Henderson v Frank. 155 F.3d 159, 171-72 (3d Cir. 1998) (Federal Court has discretion under § 2243 to order new suppression hearing and new trial where court found lack of counsel at pretrial hearings to be unconstitutional); Gentry v. Deuth. 456 F.3d 687. 696 (6th Cir. 2006) (district court can nullify state court decision because federal courts given wide discretion in fashioning habeas relief); Gilmore v. Bertrand. 301 F.3d 581. 583 (7th Cir. 2002) (per curiam) (district court may grant state's motion for extension of time to comply with order conditionally granting writ); Huss v. Graves. 252 F.3d 952. 958 (8th Cir. 2001) (district court has broad discretion in fashioning remedies and authorized to dispose of habeas matters as law and justice require); Paxton v. Ward. 199 F.3d 1197 1219 (10th Cir. 1999) (district courts have discretion to dispose of habeas matters as "law and justice require" under § 2243). People v. Reed 13 Cal. 4th 217. The Reed court determined that the record of conviction which is hearsay evidence and which is inadmissible when it is not the preliminary transcript record or trial record. It must be a document that shows conduct. Id. P. 224.

People v. Walker 89 Cal. 4th 380, 384, 385, 386, People v. mitchell.81 Cal. App.4th 132. Mr Henderson states that Res Judicata and collateral estoppel is a relevant defense to this issue. Mr Henderson's prior felony conviction. The prosecution is barred from relitigating the issue. The prosecution has a burden to prove the prior beyond a reasonable doubt under Penal Code 667 (b) thru (i). The court has taken evidence that allowed for the prosecution to prove the prior. This is relitigation no more, no less. collateral estoppel, improper dual use of prior conviction to enhance. Breach of contract. In Holland v. Florida. 130 S.CT. 2549 (June 14, 2010). The question

In _Holland_ was whether the AEDPA's 1-year statute of limitations could be "tolled (suspended) for equitable reasons after the state post-conviction proceedings had become final and before a federal habeas corpus petition was filed. In an opinion by Justice Breyer, the Supreme Court held that the one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to "equitable tolling" whereby a petition that would otherwise be untimely is rescued by "extraordinary circumstances." The U.S. Supreme Court reversed, explaining that the statute of limitations is subject to equitable tolling in "appropriate cases" where the petitioner can show: (1) that s/he has been diligent in pursuing his rights; and (2) that some "extraordinary circumstance" prevented timely filing. Rejecting the more rigid standard applied by the Eleventh Circuit, which required a showing of bad faith, dishonesty, or divided loyalty, the supreme court held that equitable tolling could be established without a showing of intentional misconduct by the lawyer. _Beard v. Kindler_, 130 S. Ct. 612 (December 8, 2009). In _Kindler_, the Court held that a state procedural rule that is only discretionary can still be "firmly established and regularly followed", and thus serve as an adequate ground to bar federal habeas review. Self-described as a "narrow" case, _Kindler_ still has practical ramifications for state prisoners whose habeas claims have been procedurally defaulted by the state courts under a discretionary state rule. (For example), in _Kindler_ the procedural rule at issue allowed the state court to reject all of the petitioner's habeas claims summarily if the petitioner escaped from prison and became a fugitive while the post-conviction proceedings were pending. Still, this "discretionary" decision by the trial court was adequate to bar federal post-conviction relief. Importantly, however, lower courts have held that _Kindler_ does not apply to rules that state courts, purporting to exercise their discretion, apply arbitrarily or in violation of established precedent. See, e.g., _Bostick v. Stevenson_, 589 F.3d 160, 165 n.6 (4th Cir. 2009). In other words, federal habeas review should not be barred under the adequate state ground doctrine if the state court procedurally defaulted a habeas claim

For reasons that were arbitrary or inconsistent with well-established precedent. Petitioner argues, decisions holding that petitions which are filed within the AEDPA period of limitations are nevertheless "untimely" under California Law. California Judges have the discretion to dismiss as "untimely" habeas petitions that are filed after "substantial delay", but to date there is no California court authority applying that principle to support the dismissal of a case filed within the AEDPA limitations period — ie., within one year of the date the conviction became final on direct appeal. If faced with such a ruling, petitioner, argues, that although discretionary decisions applying procedural bars in the state court can be binding in federal court if they are consistently and regularly followed, decisions applying California's untimeliness bar to petitions filed within the AEDPA limitations period are arbitrary, contrary to California Supreme Court precedent, and therefore are not binding in federal court because they are not firmly established and regularly followed.

Magwood V. Patterson, 130 S. Ct. 2788 (June 24, 2010). Magwood holds that the AEDPA bar on a "second or successive habeas corpus application", which requires that a petitioner obtain permission to file in the court of appeals before filing in the district court does not apply when the petitioner is challenging a separate sentencing judgment. Also see, Padilla v. Kentucky, 130 S. Ct. 1473 (march 31, 2010). Under Cal. Rules. 4.447. Limitations on enhancements. It states: No finding of an enhancement shall be stricken or dismissed because imposition of the term is either prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to these prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendants service of the portion of the sentence not stayed. Under Cal. Rule 4.452. (3) Discretionary decisions of the Judges in the previous cases shall not be changed by the Judge in the

22.

Current Case... Cal. Rule. 4.433. matters To be Considered AT Time For sentencing. (Sub.(4) Determine ANY issue raised by statutory prohibitions on the dual use of facts And statutory Limitations on enhancements, As required in Rules 4.420 (c) and 4.447. To Comply with Section 1170 (b), A Fact Charged And Found As An enhancement may be used As a reason for imposing The upper Term only if The Court has discretion To strike The Punishment For The enhancement and does so. The use of a Fact of An enhancement To impose The upper Term of imprisonment is an adequate reason for striking The additional Term of imprisonment, regardless of the effect on the Total Term. sub. sec. (d) A fact That an element of The crime shall not be used To impose The upper Term. (The Courts in This instant case violated These Terms Also. sub. sec. (e) The reasons For selecting The upper or Lower Term shall be stated orally on the record, And shall include A concise statement of The ultimate Facts which The Court deemed To constitute Circumstances in aggravation or mitigation Justifying The Term selected. Also see Cal. Rule 4.412. (b), Rule. 4. 413. sub. sections. (iii) The defendant is Youthful or aged. sub sec. (5) The Likely effect of imprisonment on The defendant And his or her defendants. mr. Henderson was 19 yrs old at The Time in (1985) The Judge never Took The Fact That As stated in 4. 414. sec (6) The Adverse Collateral Consequences on The defendant's Life resulting From The Felony Conviction.

<u>Conclusion</u>

Petitioner has no fast or speedy Remedy To Pursue These Constitutional Questions, but on habeas Corpus.

Petitioner Prays That The Ninth Circuit Court of Appeals will grant Petitioner's request for relief by filing a second or successive Petition To resolve The issues That are being Presented by The way of The Constitutional Questions. That The miscarriage of Justice That has been shown Fourth with in This Petition be Allowed To get Petitioner over The default That is going To be Alleged by This Court an. That A writ of habeas Corpus he issued To bring relief To Petitioner.

Dated: March 27, 2011

Respectfully Submitted:

By Jeffrey S. Henderson
Jeffrey Shawn Henderson

Exhibit    # (A)

Magistrates findings and Recommendation

Exhibit   # (B) (1985) Sentencing Transcripts

Exhibit   # (C) Correspondence from Appellate Attorney

Jeffrey  Henderson K-47521
HIGH DESERT STATE PRISON (3030)
P.O. BOX 3030
SUSANVILLE, CA 96127-3030

-------------------------------------------------------

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY HENDERSON,

11          Petitioner,              No. 10-cv-2787 JAM KJN P

12      vs.

13   McDONALD, Warden,              AMENDED ORDER and

14          Respondents.            FINDINGS & RECOMMENDATIONS[1]

15

16          Petitioner, a state prisoner proceeding without counsel, has filed an application for

17   a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18   pauperis pursuant to 28 U.S.C. § 1915, and a motion for appointment of counsel.

19          Examination of the in forma pauperis affidavit reveals that petitioner is unable to

20   afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is

21   granted. See 28 U.S.C. § 1915(a).

22          Petitioner also moves for appointment of counsel. There currently exists no

23   absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

24   453, 460 (9th Cir. 1996). While 18 U.S.C. § 3006A authorizes the appointment of counsel at any

25   _____

26      [1] The Order and Findings & Recommendations filed October 28, 2010 (Dkt. No. 7), is
     vacated.

1

1  stage of a habeas proceeding "if the interests of justice so require," Rule 8(c), Fed. R. Governing

2  § 2254 Cases, the court finds that the interests of justice would not be served by the appointment

3  of counsel at the present time.

4          The court's records reveal that petitioner has previously filed an application for a

5  writ of habeas corpus attacking the conviction and sentence challenged in this case. The

6  previous application was filed on July 13, 2004, and was denied on the merits on May 31, 2007.

7  See Docket in Henderson v. Knowles, 2:04-cv-01341GEB CMK P. On September 29, 2008, the

8  Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

9          Petitioner filed the instant petition on October 14, 2010, which appears both to

10  directly challenge his conviction and to seek a Certificate of Appealability. (Dkt. No. 1.)

11  (Petitioner has also subsequently filed a separate motion for certificate of appealability. (Dkt.

12  No. 12.)) The instant petition follows the United States Supreme Court's October 4, 2010 denial

13  of petitioner's petition for a writ of certiorari. (Dkt. No. 1, at p. 45.) Previously, on June 24,

14  2009, the Sacramento County Superior Court denied petitioner's "third" petition for a writ of

15  habeas corpus, finding that it was "successive and untimely." (Id. at 35-37.) Thereafter, on June

16  30, 2009, the Third District California Court of Appeal denied petitioner's application for a writ

17  of habeas corpus, and, on March 24, 2010, the California Supreme Court denied petitioner's

18  application for a writ habeas corpus. (Id. at 39, 43.)

19          Before petitioner can proceed with the instant application he must move in the

20  United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to

21  consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be

22  dismissed without prejudice to its refiling upon obtaining authorization from the United States

23  Court of Appeals for the Ninth Circuit.

24          Additionally, because petitioner has not made a substantial showing of the denial

25  of a constitutional right, a certificate of appealability should not issue on this matter. See 28

26  U.S.C. § 2253(c)(2) (certificate of appealability should issue "only if the applicant has made a

2

1   substantial showing of the denial of a constitutional right"); Fed. R. App. P. 22(b).

2           Accordingly, IT IS HEREBY ORDERED that:

3           1. Petitioner's application to proceed in forma pauperis (Dkt. No. 2) is granted;

4   and

5           2. Petitioner's motion for appointment of counsel (Dkt. No. 3) is denied without

6   prejudice.

7           Further, IT IS HEREBY RECOMMENDED that:

8           1. This action be dismissed without prejudice; and

9           2. Petitioner's motion for a certificate of appealability (Dkt. No. 12) be denied.

10          These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12  days after being served with these findings and recommendations, petitioner may file written

13  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

15  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

16  F.2d 1153 (9th Cir. 1991).

17  DATED: February 17, 2011

18

19

20                                      _____

21                                      KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE
22

23  hend2787.succ.amf&r.

24

25

26

                                      3

MIME—Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain
Message—Id Subject:Activity in Case 2:10—cv—02787—JAM—KJN (HC) Henderson v. McDonald
Content—Type: text/html

*This is an automatic e—mail message generated by the CM/ECF system. Please DO NOT RESPOND to this
e—mail because the mail box is unattended.*
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.

### U.S. District Court

### Eastern District of California — Live System

## Notice of Electronic Filing

The following transaction was entered on 2/18/2011 at 8:56 AM PST and filed on 2/18/2011

*Case Name:*        (HC) Henderson v. McDonald
*Case Number:*   2:10—cv—02787—JAM—KJN
*Filer:*
*Document Number:* 13

*Docket Text:*
 AMENDED ORDER and FINDINGS and RECOMMENDATIONS signed by Magistrate Judge
Kendall J. Newman on 02/17/11 ORDERING petitioner's application to proceed in forma
pauperis [2] is granted. Petitioner's motion for appointment of counsel [3] is denied without
prejudice. Also, RECOMMENDING that this action be dismissed without prejudice.
Petitioner's motion for a certificate of appealability [12] be denied. MOTION for CERTIFICATE
of APPEALABILITY [12] referred to Judge John A. Mendez. Objections due within 14 days.
(Plummer, M)

**2:10—cv—02787—JAM—KJN Notice has been electronically mailed to:**

**2:10—cv—02787—JAM—KJN Electronically filed documents must be served conventionally by the filer
to:**

Jeffrey Henderson
K—47521
HIGH DESERT STATE PRISON (3030)
P.O. BOX 3030
SUSANVILLE, CA 96127—3030

The following document(s) are associated with this transaction:

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY HENDERSON,

11            Petitioner,              No. 2:10-cv-2787 KJN P

12      vs.

13   McDONALD, Warden,                 ORDER and

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner, a state prisoner proceeding without counsel, has filed an application for

17   a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma

18   pauperis and a motion for appointment of counsel.

19            The court's records reveal that petitioner has previously filed an application for a

20   writ of habeas corpus attacking the 2001 conviction and sentence challenged in this case. The

21   previous application was filed on July 13, 2004, and was denied on the merits on May 31, 2007.

22   See Docket in Henderson v. Knowles, 2:04-cv-01341GEB CMK P.  On September 29, 2008, the

23   Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

24            Petitioner filed the instant petition on October 14, 2010, which appears both to

25   directly challenge his conviction and to seek a Certificate of Appealability.  The instant petition

26   follows the United States Supreme Court's October 4, 2010 denial of petitioner's petition for a

1   writ of certiorari. (Dkt. No. 1, at p. 45.) Previously, on June 24, 2009, the Sacramento County
2   Superior Court denied petitioner's "third" petition for a writ of habeas corpus, finding that it was
3   "successive and untimely." (Id. at 35-37.) Thereafter, on June 30, 2009, the Third District
4   California Court of Appeal denied petitioner's application for a writ of habeas corpus, and, on
5   March 24, 2010, the California Supreme Court denied petitioner's application for a writ habeas
6   corpus. (Id. at 39, 43.)

7           Before petitioner can proceed with the instant application he must move in the
8   United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to·
9   consider the application. 28 U.S.C. § 2244(b)(3). Thus, petitioner's application for a writ of
10  habeas corpus must be dismissed without prejudice to its refiling should petitioner obtain
11  authorization from the Court of Appeals. The Clerk of the Court will therefore be directed to
12  forward petitioner's October 14, 2010 motions, along with a copy of the October 14, 2010
13  petition, to United States Court of Appeals for the Ninth Circuit.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1. The Clerk of Court shall forward petitioner's October 14, 2010 motions (Dkt.
16  Nos. 2 and 3), and a copy of the August 16, 2010 petition (Dkt. No. 1), to the United States Court
17  of Appeals for the Ninth Circuit; and

18          2. The Clerk of Court is directed to randomly assign a district judge to this action.
19          Further, IT IS HEREBY RECOMMENDED that this action be dismissed without
20  prejudice.

21          These findings and recommendations are submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-
23  one days after being served with these findings and recommendations, petitioner may file written
24  objections with the court. The document should be captioned "Objections to Magistrate Judge's
25  Findings and Recommendations." Petitioner is advised that failure to file objections within the
26  ////

MIME-Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov
.To:caed_cmecf_nef@localhost.localdomain Message-Id: Subject:Activity in Case
2:10-cv-02787-JAM-KJN Henderson Document 8 Filed 03/30/11 Page 36 of 53

*This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this
e-mail because the mail box is unattended.*
\*\*\*NOTE TO PUBLIC ACCESS USERS*** *There is no charge for viewing opinions.*

## U.S. District Court

### Eastern District of California – Live System

Notice of Electronic Filing

The following transaction was entered on 10/28/2010 at 1:30 PM PDT and filed on 10/28/2010

*Case Name:*     (HC) Henderson v. McDonald
*Case Number:*   2:10-cv-02787-JAM-KJN
*Filer:*
*Document Number: 7*

*Docket Text:*
 ORDER and FINDINGS and RECOMMENDATIONS signed by Magistrate Judge Kendall J.
Newman on 10/27/10 ORDERING that the Clerk of Court shall forward petitioners [2] and [3]
motions, and a copy of the [1] petition, to the United States Courtof Appeals for the Ninth
Circuit; and the Clerk of Court is directed to randomly assign a district judge to this action. It
is RECOMMENDED that this action be dismissed without prejudice. Referred to Judge John
A. Mendez; Objections to FRdue within 21 days. (Dillon, M)

2:10-cv-02787-JAM-KJN Notice has been electronically mailed to:

2:10-cv-02787-JAM-KJN Electronically filed documents must be served conventionally by the filer
to:

Jeffrey Henderson
K-47521
HIGH DESERT STATE PRISON (3030)
P.O. BOX 3030
SUSANVILLE, CA 96127-3030

The following document(s) are associated with this transaction:

Exhibit # _B_

Sentencing Transcripts (1985)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

**PEOPLE OF THE STATE OF**     Case No.: 71198
**CALIFORNIA**

V

**JEFFREY S. HENDERSON**

---

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(3))

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **COPY OF SENTENCING TRANSCRIPT** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

```
Jeffrey S. Henderson
CDC No. K-47521
P.O. BOX 3030
Susanville, CA 96127
```

I, the undersigned Deputy Clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated: June 25, 2010          SUPERIOR COURT OF CALIFORNIA
                         COUNTY OF SACRAMENTO

                         By:   D. LASHLEY,
                              Deputy Clerk

COUNTY OF SACRAMENTO
MINUTE ORDER - PROCEEDINGS

HENDERSON,
JEFFREY S.

X-Ref: 771385

71198

| DATE | JUDGE | DEPT | REL | CSR | PROCEEDINGS |
|------|-------|------|-----|-----|-------------|
| 6-23-10 | JAMES L. LONG | 40 | SP | NONE | DEFT REQ FOR TRANSCRIPT; |
| | | | | | The Court has received, read and considered you correspondence requesting a copy of the sentencing transcript. |
| | | | | | The request is hereby granted. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

JICR0420/CR61B - PAGE 1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

DEPARTMENT NUMBER FOUR                HON. JAMES L. LONG, JUDGE

--oOo--

THE PEOPLE OF THE STATE OF CALIFORNIA  )
                                       )
                VS.                    )
                                       )      NO.  71198
JEFFREY SHAWN HENDERSON,               )
                                       )     FILED
                        Defendant.     )
_____   )

APR 1 7 1985

--oOo--

TUESDAY, APRIL 2, 1985

JOYCE RUSSELL SMITH, CLERK

Deputy

ORIGINAL

--oOo--

REPORTER'S TRANSCRIPT

OF

JUDGMENT AND SENTENCE

--oOo--

APPEARANCES:

For the People:

        JOHN DOUGHERTY, District Attorney in and for the
        County of Sacramento, State of California,
        By:  MARY BLASIER, Deputy District Attorney.

For the Defendant:

        KENNETH M. WELLS, Public Defender in and for the
        County of Sacramento, State of California,
        By:  LINDA PARISI, Assistant Public Defender.

Reported by:

        Violet Daraitis, CSR #4046

--oOo--

TUESDAY, APRIL 2, 1985

--o0o--

The matter of the People of the State of
California versus Jeffrey Shawn Henderson, Defendant,
Case Number 71198, came on regularly upon this date in
the Superior Court of the State of California, in and for
the County of Sacramento, before the Honorable James L. Long,
Judge, Department Number Four thereof.

The Defendant, Jeffrey Shawn Henderson, was
personally present and in attendance upon the Court, and
he was attended and represented by Linda Parisi, Assistant
Public Defender.

The People were represented by Mary Blasier,
Deputy District Attorney in and for the County of Sacramento,
State of California.

Violet Daraitis, Official Court Reporter, was
in attendance upon the Court and acting.

The following proceedings were then had, to wit:

THE COURT:  Jeffrey Shawn Henderson?

MS. PARISI:  Mr. Henderson is present, your
Honor.

THE COURT:  All right, sir, you're Jeffrey
Shawn Henderson?

THE DEFENDANT:  Yes, sir.

THE COURT:  And ma'am, do you waive formal
arraignment?

MS. PARISI:  Yes, I do, your Honor.

THE COURT:  On behalf of your client, have you

1   received a copy of the probation officer's report and

2   counseled with Mr. Henderson?

3                MS. PARISI:  I have.

4                THE COURT:  Mr. Henderson, is that true,

5   you've had enough time to talk with Miss Parisi about

6   the matters in the probation report?

7                THE DEFENDANT:  Yes, I think so, your Honor.

8                THE COURT:  All right, and have the People

9   seen the report?

10               MS. BLASIER:  Yes, your Honor.

11               THE COURT:  Court has received, read and

12  considered the probation officer's report and order it

13  be filed at this time.

14               Is there any legal cause?

15               MS. PARISI:  No legal cause, your Honor.

16               THE COURT:  None?

17               MS. BLASIER:  Your Honor, I don't know if it

18  would be a legal cause.  It would be that the promise

19  in this case, there's a promise given at the time of

20  the plea in this case of no state prison at the outset.

21               When that negotiation was entered into by

22  our office, we were unaware that Mr. Henderson was on

23  felony probation from, I believe, the State of Nevada.

24               THE COURT:  All right.

25               MS. PARISI:  Given that, we would ask that

26  the Court follow the recommendation, either set aside

27  the plea or ask Mr. Henderson to reaffirm the plea, the

28  recommendation of the probation department being that he

1   be sentenced to the mid term in state prison of four years,

2   and that the defendant be, because of his usefulness,

3   be housed at CYA.

4           We have no opposition to the housing at CYA.

5           THE COURT:  Mr. Henderson, what has been

6   stated is that when you pled guilty, the district

7   attorney made you a promise that at the outset, you would

8   not be sent to states prison; do you understand that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  And they made that promise based

11  upon their representations, not knowing that you had,

12  I believe, a prison sentence in the State of Nevada; do

13  you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  And --

16          MS. PARISI:  Your Honor, I would clarify the

17  record.

18          Mr. Henderson is on felony probation out of

19  Nevada.  He did not actually go to prison.

20          THE COURT:  I'm so sorry.  You were placed on

21  felony probation in the State of Nevada; is that true?

22          THE DEFENDANT:  Yes.

23          THE COURT:  That you were on felony probation

24  to the State of Nevada?

25          THE DEFENDANT:  Yes.

26          THE COURT:  And what has been represented is

27  that, it was my intention to sentence you to state prison

28  the upper term, and conditions represented by the district

1   attorney's office, and I cannot send you to states prison,

2   because of the no states prison promise; do you understand

3   that?

4           THE DEFENDANT:  Yes.

5           THE COURT:  And because of that, you have the

6   absolute right to have the guilty plea set aside and the

7   not guilty pleas be entered and proceed to trial; do

8   you understand that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  And what I am asking you, with

11  that knowledge, do you waive the no states prison promise

12  made by the district attorney's office, with the

13  understanding that I am going to send you to states prison?

14          MS. PARISI:  With the clarification, he will

15  be housed at the California Youth Authority.

16          THE COURT:  Yes.

17          THE DEFENDANT:  Right, yes.

18          THE COURT:  And do you still affirm the

19  guilty pleas that you entered in this case?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And sir, are you doing it freely

22  and voluntarily?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And do you know what you're doing?

25          THE DEFENDANT:  Yes.

26          THE COURT:  Is there anything that I'm not aware

27  of that forms the basis for your affirming the guilty

28  pleas, and waiving the no states prison promise?

                                    (No waiver)

1          THE DEFENDANT:   No.

2          THE COURT:   All right, you want to proceed at

3     this time?

4          THE DEFENDANT:   Yes.

5          THE COURT:   All right, the Court then finds

6     a knowing and intelligent waiver of the no states prison

7     promise at the outset, and further finds that Mr. Henderson

8     has done that with knowledge of the consequences and made

9     the waiver intelligently and knowingly about what is

10    going to happen.

11         Do the sides care to be heard anymore?

12         MS. PARISI:   No, your Honor.   We would submit

13    it based upon the Court's intended ruling.

14         MS. BLASIER:   No, your Honor.

15         THE COURT:   All right, sir, you're not eligible

16    for probation unless the Court finds unusual circumstances

17    that justify a grant of formal probation.

18         The Court does not find such unusual

19    circumstances that justify a formal grants of probation;

20    therefore, for a violation of Penal Code Section 459,

21    burglary in the first degree, the Court sentences to

22    states prison the mid term of four years.   BROKE CONTRACT LAW

23         Further, you're ordered to pay restitution

24    fine pursuant to Government Code Section 13967(a) of

25    $400, to be paid forthwith or as provided by Penal Code

26    Section 2085.5.

27         Further, the Court orders that because of

28    your youthfulness, the Court orders that you be housed in

1   the [California Youth Authority facility,] pursuant to

2   Welfare and Institutions Code Section 1731.C(5).

3          You're given the following time credits,

4   11 days --

5          MS. PARISI:   That's correct.

6          THE COURT:   Raw days.   You're given 11 raw days

7   plus five good time-work time, or a total of 16 days.

8          It is now the duty of the Court to inform you

9   that as part of this judgment and sentence, you may be

10   released on parole after expiration of the term of

11   imprisonment just imposed, unless the Board of Prison Terms

12   waives parole for good cause.

13          The conditions and length of parole will be

14   determined by the Board of Prison Terms, but may not

15   exceed a period of three years.

16          If you violate any conditions of parole, you

17   may be returned to custody for up to 12 months or one year

18   upon each parole revocation.

19          In the event your parole is revoked, time spent

20   in custody due to revocation will not be credited toward

21   the one-year limit on the parole period; however, the

22   total parole period and time spent in custody due to

23   revocation of parole may not exceed four years.

24          You are remanded to the custody of the Sheriff

25   of Sacramento County to be delivered to states prison to

26   serve the term of imprisonment in the California Youth

27   Authority facility, per the order of this Court.

28          You're remanded, sir.

1          MS. PARISI:   Thank you, your Honor.

2     (Proceedings adjourned.)

3                              --o0o--

CERTIFICATE OF OFFICIAL SHORTHAND REPORTER

State of California,  )
                      )  ss.
County of Sacramento. )

        I, VIOLET DARAITIS, hereby certify that I am an Official Shorthand Reporter, and that at the time and place shown, I recorded verbatim in shorthand writing all the proceedings had in the following described action completely and correctly according to the best of my ability:

Court:    Superior Court of the State of California, in and for the County of Sacramento.

Judge:    Hon. James L. Long, Department Number Four.

Action:   The People of the State of California

                    vs.

          Jeffrey Shawn Henderson, Defendant.

          Number:  71198.

Date:     Tuesday, April 2, 1985.

        I further certify that I have caused all of my said shorthand writing to be transcribed into typewriting, and that the foregoing 8 pages constitute an accurate and complete transcript of all of my said shorthand writing for the date and the cause specified.

Dated:  Sacramento, California, April /6 , 1985.

                              Violet Daraitis
                              VIOLET DARAITIS, CSR #4046
                              Official Shorthand Reporter

                    --o0o--

Exhibits #(C)

Appellate Attorney Correspondence
To Petitioner's Adament Request
To Raise Issue

ROSS THOMAS
Attorney at Law
4104 24th Street, No. 411
San Francisco, California 94114
(415) 627-4052


November 5, 2001


Jeffrey Henderson
CSP-Sacramento, Bldg., 7-104
Post Office Box 290066
Represa, California 95671-0066


Dear Mr. Henderson:

Thank you for your October 27, 2001, letter.

I regret hearing you did not receive my letter of introduction which I mailed to you on August 23, 2001.  I did not receive the September 1, 2001, letter you refer to in your current letter. Unfortunately, prison mail is very poor and now following the September 11, 2001, attack the public mail service has declined as well.

I am enclosing another copy of my August 23, 2001, letter.  I am also sending along a self-addressed stamped envelope.  Please use it to advise me that you received this letter.

Your appeal is progressing normally.  I completed my initial review of your trial records and determined that they were not complete.  This is not an uncommon situation in cases on appeal.  I have gone ahead and requested the missing records be prepared.  I hope to see these records within the next 30 days.

If you have any questions, please do not hesitate to contact me.  Ordinarily, it takes me about two weeks to respond to a client letter.  So you if write to me and do not receive a response within two weeks, write to me again because it is likely that I did not receive the initial letter.


Very truly yours,


ROSS THOMAS
Attorney at Law

ROSS THOMAS
Attorney at Law
4104 24th Street, No. 411
San Francisco, California 94114
(415) 627-4052

January 7, 2002

Jeffrey Henderson
CSP-Sacramento, Bldg., 7-104
Post Office Box 290066
Represa, California 95671-0066

Dear Mr. Henderson:

Enclosed is a copy of the appellant's opening brief I have filed on your behalf in the Court of Appeal.

Before discussing to the brief, I want to quickly review the appellate process. This will help you understand why certain claims were not raised in the brief.

First, and probably most important, the Court of Appeal does not decide whether you are innocent or guilty. Its review is limited to a determination of whether the trial proceedings were conducted according to the law. Thus, I cannot produce evidence on your behalf or argue that you did not commit the crime. Instead, I am limited to arguing that aspects of your trial were not conducted according to the law and thus you were denied your right to a fair trial.

Second, appellate review is limited to the trial records. As you know, the county clerk's office has furnished me a clerk and reporter's transcript of your trial. This transcript includes written motions filed in the case and a verbatim transcription of hearings held in your case. It is my job to review this transcript and find legal errors that affected your right to a fair trial. In an appeal, my review can go no further than the transcript because the Court of Appeal's review is also limited to the transcript. Consequently, if the transcript does not support a claim of legal error I cannot raise the claim on appeal.

Finally, the appellate review process involves two steps. The first step is the identification of legal errors committed in the trial court. The second step is demonstrating that these errors were prejudicial to your right to a fair trial. As may be obvious, the first step is much easier than the second one. Typically, I, like all appellate lawyers, review the transcript and identify instances of legal error. This is not that difficult task because in most cases a number of errors are committed. Once I have discovered the errors, I attempt, using case law and the facts of the particular case, to create arguments that the particular errors were prejudicial to the appellant's right to a fair trial.

**ROSS THOMAS**
Attorney at Law
4104 24th Street, No. 411
San Francisco, California 94114
(415) 627-4052

August 23, 2001

Jeffrey Henderson
K-47521
Deuel Vocational Institution
Post Office Box 600
Tracy, California 95376

Dear Mr. Henderson:

As you may know, the Court of Appeal and the Central California Appellate Program have asked me to represent you on appeal.

By way of introduction, I am a private attorney who has for the past 20 years only handled serious criminal appeals. I received my appellate law training in the State Public Defender's Office, which during my tenure there was the best appellate law organization in the country. Your case is in experienced hands.

I am currently waiting for the superior court clerk's office to prepare your trial records. I hope to see them shortly. Once I receive those records, I will review them to determine if they are complete. If they are complete, I will file the appellant's opening brief shortly after completing my review. If the records are not complete, I will file the necessary paperwork to insure that the missing records are prepared as soon as possible. This process will necessarily delay the filing of the opening brief.

I am enclosing a brief outline explaining the appellate process. Hopefully, it will answer many of your questions. However, should you have any questions or concerns at any time, please contact me.

Very truly yours,

ROSS THOMAS
Attorney at Law

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Jeffrey Shawn Henderson_____, declare I am over

18 years of age and a party to this action. I am a resident of High Desert State Prison in the County

of Lassen, State of California. My prison address is: _P.O Box 3030, Susanville_

_California 96127_____.

On _March 27th 2011_____ I served the attached:

_Application for leave To file second or successive petition_

_under 28 U.S.C. 2254, motion for writ of Error Cunom nobis, objections_

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with

postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-

named correctional institution in which I am presently confined. The envelope was addressed as

follows:

_United States Court of Appeals 9th circuit_____

_United States Dist court Eastern District._____

_____     _____

_____     _____

_____     _____

I declare under penalty of perjury under the laws of the United States of America that the

forgoing is true and correct.

Executed on _3/27/2011_
(Date)

_____
(Declarant's Signature)